Hankinson agt. Page.

---

## SUPREME COURT.

JOHN HANKINSON agt. WILLIAM R. PAGE, as administrator, &c.

*Executors and administrators — When court no jurisdiction over foreign administrator.*

Where the defendant, who was a foreign administrator, was sued upon the guaranty of a bond, made by his intestate, and the complaint averred assets within the jurisdiction of this court, and an effort by the administrator to withdraw them from the state, and the relief prayed was a moneyed judgment, an injunction restraining defendant from receiving, taking possession of, or collecting such assets and for an accounting. On demurrer, alleging no jurisdiction in the court of either the person or subject of the action:

*Held*, that the demurrer was well taken, as this court has no jurisdiction of the person of the defendant as an administrator, because he was appointed in a foreign state

*Special Term, March,* 1886.

*Louis Sanders,* for plaintiffs.

*Alfred R. Page,* for defendant.

BEACH, *J.*—The defendant is a foreign administrator, and sued upon the guaranty of a bond, made by the intestate.

He was appointed administrator by the probate court of Rutland, Vt. Action was commenced by the issuing of a summóns to the sheriff, and by the subsequent appearance of the defendant. Attachment was levied upon debts due the estate.

The complaint avers assets within the jurisdiction of the court, and an effort by the administrator to withdraw them from the state. The relief prayed is a money judgment, an injunction restraining defendant from receiving, taking possession of, or collecting such assets, and for an accounting. The defendant demurs, alleging no jurisdiction in this court of either the person or subject of the action.

I think the demurrer well taken. This court has no jurisdiction of the person of defendant as an administrator, because he was appointed in a foreign state (*Story on Conflict of Laws, sec.* 513, *and cases cited in note* 3, *page* 657). The protection to the plaintiff and other creditors, given by law, is clearly stated in *Peterson agt. Chemical Bank* (32 *N. Y.*, 21). "One of the most natural, as well as the most usual of these qualifications, is that which is intended to secure the creditors of the deceased residing in the county where the assets exist. It is in part to subserve this policy, that the personal representatives are not permitted to prosecute the debtor or parties who withhold his effects in our courts. But the protection to the creditor is further secured by the remedy which is provided by allowing them to take out administration in the jurisdiction where the assets are. If the deceased have any relatives in this state who would be preferably entitled, they can be summoned, and if they elect to take out letters themselves, they will be compelled to give bond, and the creditors will then be made secure in

rights, or if the relatives refuse to assume that responsibility, then the creditors may themselves be appointed and thus qualified to take possession of the assets here upon the same terms."

The equity powers of the court have at times been exercised against foreign executors who have brought, or had in this state property of the testator. This has been done under proper averments and proofs, to prevent waste of assets and secure their application to the payment of debts according to the law of the state, where the executor derived his authority, so avoiding a total failure of justice. This is not an action in equity, but at law. Its character cannot be changed by praying an injunction and accounting.

Judgment for defendant on demurrer, with costs. Leave to amend in ten days on payment.